UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR,<br><br>    Plaintiff,<br><br>    v.<br><br>SOPHIA ORTEGA GONZALEZ, et al.,<br><br>    Defendants. | No. 2:19-cv-02576-TLN-KJN PS<br><br><u>ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND</u><br><br>(ECF No. 2) |

Plaintiff, who proceeds without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A federal court has an independent duty to assess whether federal subject matter

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff's complaint is handwritten and in parts is not legible. (See generally ECF No. 1.) Plaintiff alleges that he was struck by defendant Sophia Gonzalez's vehicle, which resulted in plaintiff's leg being amputated, along with other serious injuries. (Id. at 5.) Based on the face of plaintiff's complaint it is unclear how defendants Triple A Auto Insurance and California State Auto Association are involved in this case, however, presumably they were the insurance carriers for the parties. Plaintiff requests damages for medical bills, pain and suffering, and loss of wages. (Id. at 3.)

Plaintiff asserts both diversity of citizenship and federal question as the bases for jurisdiction. However, both of these rationales fail.

Regarding diversity jurisdiction, plaintiff's complaint states that at least one defendant is a California citizen (ECF No. 1-1.), which defeats diversity. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

The thrust of plaintiff's argument regarding federal question jurisdiction appears to be that defendants violated his due process rights protected by the Fourteenth Amendment. (See ECF No. 1.) However, due process claims generally do not lie against a private individual or business. "The Fourteenth Amendment's right to due process only protects discrimination that results from state action." Jackson v. Brown, 513 F.3d 1057, 1079 (9th Cir. 2008). Here, plaintiff has not alleged, and does not appear to be able to allege, any state action that would implicate due process protections.

To be clear, under 42 U.S.C. § 1983 the act of a private individual can amount to state action under certain circumstances. See Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (outlining four potential tests: (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test). However, plaintiff's allegation of an automobile accident between private citizens, which also implicates private businesses, does not appear to fit within any of these exceptions.

Regarding plaintiff's passing references to the First, Fourth, Fifth, and Eighth Amendments of the Constitution as well as to sections of the Uniform Commercial Code, the court can extract no cause of action in plaintiff's complaint premised on these grounds.

Therefore, plaintiff's complaint does not state a cognizable federal claim sufficient to invoke the court's federal question jurisdiction. Furthermore, the court does not have diversity jurisdiction. Consequently, the court lacks federal subject matter jurisdiction over this action.

Accordingly, the court dismisses plaintiff's complaint, but with leave to amend. If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the jurisdictional deficiencies identified above. Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff concludes that he is unable to cure the federal jurisdictional deficiencies, he may instead elect to file an action in state court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of the date of this order, plaintiff shall file a first amended complaint in accordance with this order. Alternatively, if plaintiff no longer wishes to pursue

this action in federal court, plaintiff shall file a notice of voluntary dismissal of the action without prejudice within 28 days of the date of this order.

4. Failure to file either a first amended complaint or a notice of voluntary dismissal without prejudice by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: January 9, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

starr.2576