UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR,<br><br>    Plaintiff,<br><br>    v.<br><br>SOPHIA ORTEGA GONZALEZ, et al.,<br><br>    Defendants. | No. 2:19-cv-02576-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS AND ORDER STAYING THE CASE |

Plaintiff, who proceeds without counsel in this action, was previously granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) While granting plaintiff leave to proceed in forma pauperis the court dismissed plaintiff's complaint with leave to amend. (ECF No. 3.) Plaintiff subsequently filed an amended complaint. (ECF No. 4.)

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A federal court has an independent duty to assess whether federal subject matter

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.
2  Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty
3  to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties
4  raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).
5  The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject
6  matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original
7  jurisdiction over a civil action when:  (1) a federal question is presented in an action "arising
8  under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of
9  citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

10  In this case, plaintiff's complaint is hand written and in parts not legible.  (See generally
11  ECF No. 4.)  Plaintiff alleges that he was struck by defendant Sophia Gonzalez's vehicle, which
12  resulted in plaintiff's leg being amputated, along with other serious injuries.  (Id. at 3.)  Based on
13  the face of plaintiff's complaint it is unclear how defendants Triple A Auto Insurance and
14  California State Auto Association are involved in this case, however, presumably they were the
15  insurance carriers for the parties.  Plaintiff appears to request a prosthetic leg as relief, and
16  mentions a document he refuses to sign that presumably would allow him to receive a prosthetic
17  leg.  (Id. at 5.)  The court previously dismissed plaintiff's complaint due to lack of subject matter
18  jurisdiction, although the court allowed plaintiff the opportunity to file an amended complaint.
19  (ECF No. 3.)  Plaintiff's amended complaint suffers from the same deficiencies as outlined in the
20  court's prior order.[2]

21  The thrust of plaintiff's argument regarding federal question jurisdiction appears to be that
22  defendants violated his due process rights protected by the Fourteenth Amendment.  (See ECF
23  No. 4.)  However, due process claims generally do not lie against a private individual or business.
24  "The Fourteenth Amendment's right to due process only protects discrimination that results from

---

[2] Plaintiff's prior complaint alleged diversity and federal question as bases for jurisdiction.  (See ECF No. 1.)  However, plaintiff's original complaint stated that at least one defendant is a California citizen which defeats diversity.  See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiff's amended complaint only alleges federal question jurisdiction.  (See ECF No. 4.)

state action." Jackson v. Brown, 513 F.3d 1057, 1079 (9th Cir. 2008).  Here, plaintiff has not alleged, and does not appear to be able to allege, any state action that would implicate due process protections.

To be clear, under 42 U.S.C. § 1983 the act of a private individual can amount to state action under certain circumstances.  See Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (outlining four potential tests:  (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).  However, plaintiff's allegation of an automobile accident between private citizens, which also implicates private businesses, does not fit within any of these exceptions.

Regarding plaintiff's passing references to the First, Fourth, Fifth, and Eighth Amendments of the Constitution as well as to sections of the Uniform Commercial Code, the court can extract no cause of action in plaintiff's complaint premised on these grounds.  Similarly, plaintiff's reference to what appears to be medical malpractice, without naming any medical provider as a defendant, does not give the court federal question jurisdiction.  See Campbell v. Stein, 314 F. App'x 976 (9th Cir. 2009) (District court lacked subject matter jurisdiction over medical malpractice action, where plaintiff did not allege any facts that defendant physician acted under color of state law, as required to state a claim under § 1983 and establish federal question jurisdiction).

Therefore, plaintiff's complaint does not state a cognizable federal claim sufficient to invoke the court's federal question jurisdiction.  Furthermore, the court does not have diversity jurisdiction.  Consequently, the court lacks federal subject matter jurisdiction over this action.

If the court finds that a complaint should be dismissed, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809

F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105–06 (affirming dismissal and finding the plaintiff's "theories of liability either fall outside the limited waiver of sovereign immunity by the United States, or otherwise are not within the jurisdiction of the federal courts").

The undersigned finds that, as set forth above, the court lacks jurisdiction over plaintiff's complaint.  Plaintiff was previously provided an opportunity to amend his complaint.  However, plaintiff's amended complaint suffers from the same defects as before and fails to state any basis for federal jurisdiction.  Given the nature of plaintiff's claims—an automobile accident and alleged medical malpractice—and that the court previously granted plaintiff an opportunity to amend his complaint, the court finds that further amendment would be futile and therefore recommends dismissal without leave to amend.

Accordingly, it is HEREBY RECOMMENDED that plaintiff's complaint be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the Court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

////

////

IT IS SO ORDERED AND RECOMMENDED.

Dated:  May 26, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/2576.F&R